IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES STEWARD, et al.                                                                     PLAINTIFFS

v.                                                                    CIVIL ACTION # 2:07cv184-KS-MTP

STATE OF MISSISSIPPI, et al.                                                         DEFENDANTS

### ORDER

This cause is before the Court on the Plaintiffs' motion to review, remand, and/or vacate the October 19, 2005 order [# 7] of Magistrate Judge Michael T. Parker. In that order, Magistrate Judge Parker severed the Plaintiffs in this action, directing James Steward to file an amended complaint, and directing the Clerk of the Court to open two new actions for the claims of Jimmy Harris and Garry Moore. The Plaintiffs objected to Magistrate Judge Parker's order, claiming that it was clearly erroneous and contrary to law pursuant to Rule 72(a). After considering the issues raised by the Plaintiffs in their motion and supporting memorandum, the Court finds that Magistrate Judge Parker's order was proper and that the motion to review, remand, and/or vacate should be **denied**.

The Plaintiffs in this action are three inmates housed at the South Mississippi Correctional Institute in Leakesville. The three joined together *pro se* to assert a variety of claims based on conditions of their confinement and various other grievances against the State of Mississippi, the Mississippi Department of Corrections, and a host of officials within the Department and their jail facility.

Upon closer inspection, their complaint is, in reality, two or more separate lawsuits

1

stitched together. The first is a lawsuit brought by inmates James Steward, Jimmy Harris, and Garry Moore based on: (1) a complaint about jail conditions applicable to all three inmates; (2) an unfair marketing claim applicable to all three inmates; and (3) a "conduct" claim presumably applicable to three all inmates.

The rest of the complaint is a lawsuit concerning only inmate Garry Moore, including: (1) a retaliation claim only applicable to Garry Moore; (2) a refusal of medical treatment claim only applicable to Garry Moore; (3) an equal protection claim only applicable to Garry Moore; (4) an ADA claim only applicable to Garry Moore; (5) a "mail practices" claim only applicable to Garry Moore; (6) an additional equal protection claim only applicable to Garry Moore; (7) an "access to court" claim only applicable to Garry Moore; and (8) a "disciplinary violations" claim only applicable to Garry Moore.

Several district courts have recently "found that the impracticalities inherent in multi-prisoner litigation militate against the permissive joinder" usually permitted by Rule 20. *Amir-Sharif v. Dallas County,* 2006 WL 2860552 at *4 (N.D. Tex. Oct. 5, 2006). "Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Richardson v. Morris County Corr. Facility*, 2006 WL 1582076 at *2 (D.N.J. June 5, 2006).

When multiple prisoners proceed *pro se*, each must comply with Rule 11 and sign every pleading. *Swenson v. MacDonald*, 2006 WL 240233 at *3 (D. Mont. January 30, 2006). Moreover, Rule 5 "require[s] each *pro se* prisoner-plaintiff in a multiple-plaintiff case to serve every other *pro se* prisoner-plaintiff with every other document filed." *Id.* The inherent security risk and the fact that "jail populations are notably transitory" mean that "[p]roceeding with

multiple, separate litigation for reach plaintiff under the same cause number would be distracting at best–and costly, confusing, and grossly inefficient at worst." *Wasko v. Allen County Jail*, 2006 WL 978956 at *1-2 (N.D. Ind. April 12, 2006).

A district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). As the Fifth Circuit has repeated, "[t]he federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Moreover, Rule 21 instructs that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." Fed. R. Civ. P. 21.

In upholding the order of Magistrate Judge Parker, this Court finds that the decision to sever was neither "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).[1] The problems inherent in allowing three prisoners with different and unrelated claims to proceed *pro se* under the same cause number make severance under Rule 21 and the inherent powers of this Court proper.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to review, remand, or vacate [# 8] the order of Magistrate Judge Parker is **denied**.

---

[1] The Court finds the actions of the district court in *Wasko* persuasive. Facing the prospect of multiple-*pro-se*-plaintiff litigation by prisoners, the court found that "separating these *pro se* prisoners into individual cases will merely permit the efficient and just adjudication of their claims." *Wasko v. Allen County Jail*, 2006 WL 978956 at *2 (N.D. Ind. Apr. 12, 2006).

SO ORDERED AND ADJUDGED on this, the 12th day of December, 2007.

*s/Keith Starrett*
United States District Judge